CLD-017                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1263
_____

ELIZABETH PETER, Beneficiary for the Estate of Elizabeth Peter,
Appellant

v.

ATTORNEY GENERAL NEW JERSEY; JUDGE LOUIS BELASCO; OFFICER
CANNON, #126, Hamilton Township Police Department; SGT.  CLAYTON, Hamilton
Township Police Department; SGT. JODY D. LONDON, Egg Harbor Township Police
Department; PROSECUTOR JENNA M. COOK, Central Municipal Court; ASSISTANT
PROSECUTOR ZACHARY SCLAR, Central Municipal Court; PROSECUTOR ADAM
E. BARKER; JUDGE W. TODD MILLER
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Action No. 1:23-cv-03337)
District Judge:  Renee M. Bumb
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 24, 2024
Before:  KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed: November 6, 2024)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Elizabeth Peter, proceeding in forma pauperis, appeals from the District Court's order dismissing her amended complaint. Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I.

This case originated from a traffic stop. A police officer issued Peter four traffic tickets, and Peter was indicted for refusing to comply with officers and eluding an officer while operating a motor vehicle. Following the indictment, Peter filed a complaint in the District Court against the New Jersey Attorney General's Office, police officers, prosecutors, and judges involved in the state-court criminal case. Peter sued under 42 U.S.C. § 1983 for civil rights and due process violations, and she also cited the Tucker Acts and the Administrative Procedure Act. She alleged, inter alia, that: the police officers performed an illegal traffic stop, were negligent, and violated the separation of powers and Administrative Procedure Act when they signed the summons for Peter to appear in court; the defendants violated due process by enforcing court rules and procedures; the court participants had conflicts of interest; and that the local traffic laws Peter allegedly violated are invalid. She also attached a "notice" to her complaint purporting to remove the state-court criminal proceeding to the District Court, and she sought temporary restraining orders, discovery, a judge's recusal, and default judgment.

Many defendants moved to dismiss the amended complaint for lack of subject matter jurisdiction and for failure to state a claim. See Fed. R. Civ. P. 12(b)(1), (6). The District Court dismissed Peter's amended complaint with prejudice for lack of subject

2

matter jurisdiction, or alternatively, because Peter failed to satisfy pleading standards.[1] Just as in another case that Peter filed in the District Court, the Court warned Peter that she would face sanctions if she continued to submit frivolous filings. Peter moved for reconsideration, arguing that Judge Bumb was biased and should recuse herself. The Court denied the motion. Peter appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's dismissal of the complaint de novo. See Metro. Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007). We may affirm the District Court's judgment on any grounds supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

To survive dismissal under Rule 12(b)(6), the complaint must allege sufficient facts to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Although we construe a pro se litigant's claims liberally, see Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021), mere conclusory allegations are insufficient to state a claim for relief, Iqbal, 556 U.S. at 678. In her amended complaint, Peter broadly claimed that the police and court procedures she faced because of her traffic violations were illegal for various reasons. But Peter offered neither a plausible legal theory nor the factual details

---

[1] The District Court also terminated all pending motions in the case.

3

necessary to survive dismissal.  See Iqbal, 556 U.S. at 678.  Accordingly, the District Court properly dismissed[2] her complaint with prejudice.[3]

We will summarily affirm the District Court's judgment.  To the extent Peter seeks other relief on appeal, it is denied.

---

[2] In support of her appeal, Peter argues that the District Court was biased because the Judge receives financial compensation from New Jersey and should have recused herself under 28 U.S.C. § 455.  Peter did not provide any support for these allegations below, nor does she offer any support for them now.  See United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989) (stating that motions to recuse cannot rest on "possibilities" and "unsubstantiated allegations").

[3] Based on her filings in the District Court and in our Court, we agree with the District Court that allowing Peter to further amend her complaint would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).